FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2017 NOV 21  PM 3: 12

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

KURT GELL

CASE NO. 8:17-cr-552-T-35TBM

21 U.S.C. § 841(a)(1)
18 U.S.C. § 922(g)
26 U.S.C. § 5861(d)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about September 7, 2016, in the Middle District of Florida, and elsewhere, the defendant,

KURT GELL,

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of methamphetamine and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. § 841(a)(1).

### COUNT TWO

On or about September 14, 2016, in the Middle District of Florida, and elsewhere, the defendant,

KURT GELL,

did knowingly and intentionally distribute and possess with intent to distribute

a controlled substance, which violation involved a mixture and substance

containing a detectable amount of methamphetamine and is therefore

punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. § 841(a)(1).

## COUNT THREE

On or about November 30, 2016, in the Middle District of Florida, and

elsewhere, the defendant,

### KURT GELL,

did knowingly and intentionally possess with intent to distribute a controlled

substance, which violation involved 5 grams or more of methamphetamine

and is therefore punished under 21 U.S.C. § 841(b)(1)(B).

In violation of 21 U.S.C. § 841(a)(1).

## COUNT FOUR

From an unknown date until on or about December 23, 2016, in the

Middle District of Florida, the defendant,

### KURT GELL,

having been previously convicted in any court of a crime punishable by

imprisonment for a term exceeding one year, including:

- **Burglary**, on or about October 22, 2014; and

- **False Verification of Ownership**, on or about October 22, 2014;

- **Grand Theft**, on or about October 22, 2014,

did knowingly possess, in and affecting interstate commerce,  firearms, that is,

a 20-gauge Mossberg shotgun and a .22-caliber Marlin Arms rifle.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT FIVE

From an unknown date until on about December 23, 2016, in the

Middle District of Florida, the defendant,

### KURT GELL,

did knowingly possess a firearm as defined under 26 U.S.C. § 5845(a) and (d),

specifically, a 20-gauge Mossberg shotgun with an overall length of less than

26 inches and a barrel length of less than 18 inches.

In violation of 26 U.S.C. §§ 5861(d) and 5871.

## FORFEITURE

1.     The allegations contained in Counts One through Five are

incorporated by reference for the purpose of alleging forfeiture pursuant to the

provisions of 21 U.S.C. §§ 853 and 924(d), 26 U.S.C. § 5872, 28 U.S.C. §

2461(c), and 49 U.S.C. § 80303.

2.     Upon conviction of any violation of 21 U.S.C. § 841(a)(1), the

defendant shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1)

and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of any violation of 18 U.S.C. § 922(g) charged in the indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in such violation.

4. Upon conviction of any violation of 18 U.S.C. § 5861 charged in the indictment, the defendant shall forfeit to the United States, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), any firearms involved in the violation, and, pursuant to 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of such firearm.

5. The property to be forfeited includes, but is not limited to, the following:

    a. a Mossberg 20-gauge shotgun; and

    b. a Marlin .22-caliber rifle.

6. If any of the property described above, as a result of any act or omission of the defendant:

4

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By:

Natalie Hirt Adams
Assistant United States Attorney

By:

Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crimes and Narcotics Section

*T:\_Cases\Criminal Cases\G\Gell, Kurt_2017R00743_NHA\f_Indictment_Gell.docx*

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Tampa Division

### THE UNITED STATES OF AMERICA

vs.

### KURT GELL

### INDICTMENT

Violations:   Title 21, United States Code, Section 841(a)(1)
Title 18, United States Code, Section 922(g)
Title 26, United States Code, Section 5861(d)

A true bill,

_____
Foreperson

Filed in open court this 21st day of November, 2017.

_____
Clerk

Bail $_____

GPO 863 525